IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **HELEN J. LANDERS**, ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 08-BE-01620-M** |
| ) | |
| **MICHAEL J. ASTRUE**, ) | |
| **Commissioner of the Social**, ) | |
| **Security Administration** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

On January 3, 2005, the claimant, Helen Landers, filed for disability insurance benefits under Title II of the Social Security Act. (R. 15). The claimant originally alleged disability commencing on June 15, 2004 because of pain in her back. (R. 93). The Commissioner denied the claim initially on March 9, 2005. (R. 15). The claimant filed a timely request for a hearing before an Administrative Law Judge (ALJ); and the ALJ held a hearing on April 10, 2007 and a supplemental hearing on November 16, 2007. (R. 471, 496). At the supplemental hearing, the claimant also asserted that she was impaired from disabling headache pain. (R. 509-510). In a decision dated March 10, 2008, the ALJ found that the claimant was not disabled as defined by the Social Security Act, and thus, was ineligible for disability insurance benefits. (R. 23). On May 8, 2008, the Appeals Council denied the claimant's request for review; consequently, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration. (R. 4). The claimant has exhausted her administrative remedies, and this court

has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). For the reasons stated below, this court affirms the decision of the Commissioner.

## II. ISSUE PRESENTED

Claimant presents the follow issue for review: whether the ALJ properly considered the claimant's complaints of migraine headaches when applying the Eleventh Circuit's three-part pain standard.

## III. STANDARD OF REVIEW

The standard for reviewing the Commissioner's decision is limited.  This court must affirm the Commissioner's decision if the Commissioner applied the correct legal standards and if the factual conclusions are supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

"No . . . presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in the evaluating claims." *Walker*, 826 F.2d at 999.  This court does not review the Commissioner's factual determinations *de novo*. The court will affirm those factual determinations that are supported by substantial evidence. "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 401 U.S. 389, 401 (1971).

The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner]'s factual findings." *Walker*, 826 F.2d at 999.  A reviewing court must not look only to those parts of the record that support the decision of the ALJ, but also must view the

record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

## IV. LEGAL STANDARD

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make this determination, the Commissioner employs a five-step, sequential evaluation process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal on of the specific impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and give, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986); 20 C.F.R.§§ 404.1520, 416.920.

In evaluating pain and other subjective complaints, the Commissioner must consider whether the claimant demonstrated an underlying medical condition, and *either* "(1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (emphasis added); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); 20

C.F.R.§ 404.1529.

## V. FACTS

The claimant has obtained her GED and was sixty-one years old at the time of the administrative hearing. (R.482, 499). Her past work experience includes employment as a cashier, assistant folder, cold prep/cook, courier supervisor, and school bus driver. (R. 77). In her Social Security Disability report, the claimant alleged she was unable to work because of severe back pain, a herniated disc, osteoarthritis, a bulging disc, and a torn disc; however the claimant did not allege migraine headache pain. (R. 93). Although she did not originally assert headache pain as a disability impairment, she claimed that impairment at her hearing and on appeal.

*Physical Limitations*

From January 6, 2000 until May 9, 2007, Dr. Mendiola, an internal medicine physician, saw her for a variety of issues, most notably her problems with migraine headaches and back pain. The majority of the medical evidence in the record deals with the claimant's back pain. In this appeal, however, the claimant does not contest the ALJ's determination of her claim for back pain but only contends that the ALJ did not properly consider her migraine headache pain. Therefore, the history and discussion of the claimant's back pain is not squarely at issue.

The claimant saw Dr. Just, a neurologist, from August 27, 2003 until October 17, 2003 to receive treatment for her headaches. On October 17, 2003, Dr. Just saw the claimant and stated that the she had "frequent, severe, incapacitating, migraine headaches" and that the claimant was still suffering from occasional headaches at that point. (R. 362).

The length and severity of the claimant's headaches vary from visit to visit. In September

2000, the claimant visited Dr. Mendiola and stated that her headache had lasted for days. (R. 165-166).  On her next visit, the claimant stated that her headaches go away if she relaxes, and Dr. Mendiolia said there was "no need to treat her headaches." (R. 163-164).  On her next five visits, the claimant did not report having any headache problems and stated that her headaches were better. (R. 158-162).  The record reflects only one instance, in May of 2007, where the claimant visited Dr. Mendiola twice because her headache was persistent for days.  (R. 442-443).

     Dr. Mendiola treated the claimant four times for headaches between July 2004 and August 2004.  (R. 132-135).  At each subsequent visit, Dr. Mendiola would administer an injection of Nubain, an analgesic used to treat and prevent moderate to severe pain; and Phenergan, an antihistamine used to treat or prevent nausea, vomiting, and pain. (R. 132, 133, 133).  Dr. Mendiola also prescribed the claimant a low dose of Keptra to be taken at night when she experienced headache problem.  (R.134).  Claimant responded well to the Keptra. *Id.*  The claimant also told Dr. Mendiola that she had an MRI done on her brain and the test was negative. (R. 132).

     After August 2004, Dr. Mendiola continued to treat the claimant for her headaches, but less frequently.  From March 2005 to May 2007, Dr. Mendiola saw the claimant six times for her headaches. (R. 442-459).  On May 7, 2007 the claimant visited Dr. Mendiola because of a headache that had started the night before. (R. 443).  The claimant had a follow up visit on May 9, 2007 because her headache had not gone away. (R. 442).  Dr. Mendiola gave the claimant a Nubain and Phenergan injection during one of her visits that made the headache feel better.  *Id.*  Dr. Mendiola also gave the claimant Lortab 7.5 for her pain. (R.442-443).   The claimant stated that the Lortab helped with her headache but that the headache persisted.  (R. 442).

In November 2006, the claimant visited the Dekalb Regional Medical Center emergency room for her headache and was medicated with Nubain and Phenergan. (R. 245-255, 262). The claimant reported that her pain improved after she took the medication, and she was discharged within an hour in stable condition. (R. 247, 249, 262).

*The ALJ Hearing*

After the Commissioner denied the claimant's request for disability insurance benefits, the claimant requested and received a hearing before an ALJ. (R. 27). The first hearing was set on April 10, 2007, but when it became clear the hearing could not proceed because the ALJ did not have the claimant's complete medical record, the hearing was re-scheduled for November 16, 2007. At the two hearings, the claimant testified she suffered from migraine headache pain and back pain. (R.487, 509). She testified that the pain in her back hurt all the time and that she had a bad headache at least once a month. (R. 490, 510). The claimant did not specifically testify to how long her headaches would usually last. The claimant testified that she took Lortabs for her headaches and if the Lortabs did not work, she would visit her doctor to get a shot. (R. 510). The claimant also testified that she wakes up in the morning with headaches at least once a month. *Id.*

A vocational expert, Dr. Russell, testified concerning the type and availability of jobs that the claimant was able to perform. (R. 534-536). The ALJ asked the VE to assume that the claimant was "57 to 60 years of age with a GED and with the work experience ranging from light to medium, mostly unskilled, no transferables" and that the claimant could "sit for about six hours in an eight-hour day with normal breaks, stand and walk about six hours in an eight-hour day with normal breaks." (R. 534). The VE stated that under these assumptions, along with

6

other physical limitations caused by the claimant's back pain, the claimant could perform her past relevant work as a cashier. (R. 535). The ALJ posed a second hypothetical question in which he asked the VE to assume again the claimant's age, education, and work experience and also to assume the claimant's testimony regarding pain was credible and supported by substantial medical evidence. *Id.* In response to this question, the VE stated that the claimant could not perform any of her past work and would not be able to complete an eight-hour workday or any full-time work. *Id.*

*The ALJ's Decision*

On March 10, 2008, the ALJ issued a decision finding the claimant was not disabled under the Social Security Act. (R. 15). First, the ALJ found that the claimant met the insured status requirements of the Social Security Act through December 31, 2009. (R. 17). Second, the ALJ found that the claimant had not engaged in substantial gainful activity since the alleged onset of her disability. *Id.* Third, the ALJ found that the claimant's degenerative disc disease of the lumbar spine and migraine headaches qualified as severe impairments; he concluded, however, that these impairments did not singly or in combination manifest the specific signs and diagnostic findings required by the Listing of Impairments. (R. 17-20).

The ALJ also considered the claimant's subjective allegations of pain to determine whether she had the residual functional capacity to perform past relevant work. (R. 20). When assessing the credibility of the claimant's statements, the ALJ considered the objective medical evidence and also considered:

   1. The claimant's daily activities;
   2. The location, duration, frequency, and intensity of the claimant's pain or other symptoms;

>    3. Factors that precipitate and aggravate the symptoms;
>    4. The type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms;
>    5. Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms;
>    6. Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>    7. Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

(R. 20-21). The ALJ found that the claimant's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (R. 20).

To support his conclusion, the ALJ first cited to three different doctors who examined the claimant for her back problems and agreed she could go back to work with some restrictions. (R. 21-22). The ALJ also discussed the claimant's migraine headaches. (R. 22). The ALJ reported that the claimant saw her treating physician for occasional headaches and also noted a particular instance where the claimant's headache went away after three days.

The ALJ found that the claimant was not symptom-free but "a review of the evidence in this case persuades the undersigned that the claimant's complaints of pain and incapacitation are not credible when viewed in light of the medical findings." (R. 22). The ALJ concluded that the claimant was capable of performing past relevant work as a cashier and referenced the VE's testimony that "the claimant's past relevant work as a cashier is classified as work of light physical demand and based on claimant's residual functional capacity she is capable of performing this work." (R. 23). After considering the claimant's subjective allegations of pain,

the credibility of her statements, the objective medical evidence, and the testimony of the VE, the ALJ concluded that the claimant was not disabled under the Social Security Act . *Id.*

## VI. DISCUSSION

The claimant argues that the ALJ improperly applied the Eleventh Circuit's three-part pain stand. To the contrary, this court finds that the ALJ properly applied the pain standard and that substantial evidence supports his decision.

The three-part pain standard applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1219, 1223 (11th Cir. 1991). "The pain standard requires (1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (emphasis added). A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of a disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

In applying the three-part standard, if the ALJ decides not to credit a claimant's subjective testimony of pain, he must discredit it explicitly and articulate his reasons for doing so. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). Failure to articulate the reasons for discrediting the claimant's subjective complaints of pain requires that the testimony be accepted as true. *Id.*

In this case, the ALJ acknowledged that the claimant suffers from an underlying medical condition capable of generating pain; however, he found that the entirety of the medical evidence failed to support the claimant's alleged severity of pain.

The claimant argues that the ALJ did not properly consider the impact of her migraine headaches in his Residual Functional Capacity (RFC) Assessment. However, the ALJ did properly consider the claimant's migraine headaches and concluded that her headaches qualified as a severe impairment. (R. 20).  The ALJ went on to explicitly articulate his reasons why the claimant's headaches do not prevent her from sustaining full-time employment. First, the ALJ referenced medical reports stating that the claimant's headaches are reasonably managed with medication.  (R. 22).   For example, on July 16, 2004 Dr. Mendiola gave the claimant a low dose of Keptra and concluded that she responded well to the medication.  (R. 134).  During another visit to Dr. Mendiola, the claimant said that her headache improved after receiving medication. (R. 132-133).  The ALJ also referenced a brain MRI, which was negative for any abnormality. (R. 22).  Thus the ALJ did properly consider the claimant's migraine headaches in his RFC assessment.

The claimant bears the burden of bringing forth evidence to prove her qualifying disability.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Despite not originally alleging migraine headache pain, the claimant has provided undisputed evidence that she suffers from migraine headaches.  However, the claimant has failed to produce any medical evidence to support her claim that the headaches prevent her from sustaining full-time employment. The question is not only whether the claimant suffers from a medical condition, but whether that condition affects the ability of the claimant to sustain full-time employment.  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  In this case, the claimant barely described the frequency, severity and duration of her migraine headaches.

Therefore, the claimant failed to provide sufficient evidence proving the disabling nature of her migraine headaches. After reviewing the relevant evidence, the ALJ concluded that the claimant was able to perform work as a cashier.

The claimant also argues that the hypothetical question to the VE was incomplete because the question did not specifically mention any limitations associated with the claimant's migraine headaches. Pl.'s Br. pp. 11-14. The court disagrees. The ALJ is not required to ask hypothetical questions assuming limitations that he does not find credible and that have been properly rejected as unsupported. *Sanabria v. Comm'r of Soc. Sec.*, 303 Fed. Appx. 834, 841 (11th Cir. 2008); *May v. Comm'r of SSA*, 226 Fed. Appx. 955, 960 (11th Cir. 2007); *Street v. Barnhart*, 133 Fed. Appx. 621, 630 (11th Cir. 2005). In this case, the ALJ rejected claimant's allegations of disabling headache pain as not credible and unsupported by the evidence; thus he was not required to include that limitation in his hypothetical question. The court finds that the ALJ properly applied the pain standard and considered all allegations of migraine pain. Furthermore, the court finds that substantial evidence supports the ALJ's findings and the claimant is not disabled within the meaning of the Social Security Act.

## VII. CONCLUSION

For the reasons as stated, this court AFFIRMS the decision of the Commissioner, finding that substantial evidence supports it. The court will enter a separate order to that effect simultaneously.

DONE and ORDERED this the 22nd day of October, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE